UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

| | |
|---|---|
| In re<br><br>ANTHONY D. PETTEGROW and<br>JOSETTE G. PETTEGROW,<br><br>        Debtors. | Chapter 11<br>Case No. 25-10186 |
| ANTHONY D. PETTEGROW and<br>JOSETTE G. PETTEGROW,<br><br>        Plaintiffs,<br><br>v.<br><br>LOBSTER 207, LLC<br><br>        Defendant. | Adv. Proc. No. 25-1002 |

## ORDER DENYING MOTION TO DISMISS AMENDED COMPLAINT

This matter came before the Court on the motion of Lobster 207, LLC ("L207") to dismiss

the Amended Complaint (D.E. 6) filed by Anthony D. Pettegrow and Josette G. Pettegrow. By their

complaint, the Pettegrows seek, *inter alia*, to avoid under 11 U.S.C. § 544 and 14 M.R.S. §§ 3576

and 3578 certain liens held by L207. In its motion, L207 contends that: (a) the Pettegrows were not,

as a matter of law, insolvent for the purposes of the Maine Uniform Fraudulent Transfer Act

("MUFTA"), notwithstanding their inability to pay debts as they come due, if the value of their assets

exceeded their liabilities on the date of the subject transfers; and (b) the Court is entitled to take

judicial notice of the schedules and statements filed by the Pettegrows in their chapter 11 case,

commenced on October 1, 2025, to determine that their assets exceeded their liabilities when L207

recorded its liens on July 18, 22, and 25 of 2025. Although the Court agrees with L207 on the first

argument, the motion is denied because, taking all facts pled as true, L207 is unable to successfully rebut the presumption of insolvency.

   A. *The Pettegrows are not insolvent for the purposes of MUFTA if the value of their assets exceeds their liabilities as of the date of transfer, notwithstanding their inability to pay debts as they come due.*

For the purposes of this motion, the Court accepts as true the Pettegrows' allegation that they were unable to pay at least two debts when they came due; (1) a debt in the amount of at least $247,000.00 owed to Troutman, Pepper, Hamilton, Sanders LLP; and (2) the $3,481,498.85 Consent Judgment owed to L207.  Rae v. Woburn Pub. Schools, 113 F.4th 86, 98 (1st Cir. 2024) ("[t]o assess whether a complaint can withstand a Rule 12(b)(6) motion, we 'must accept as true all well-pleaded facts indulging all reasonable inferences in [Appellant's] favor'") (*quoting*, Fantini v. Salem Coll., 557 F.3d 22, 26 (1st Cir. 2009)).

L207 concedes that, in alleging an inability to pay those debts, the Pettegrows likely satisfied the presumption of insolvency under 14 M.R.S. § 3573(2) but argues that this presumption is successfully rebutted if the Pettegrows were solvent on a balance sheet basis at the time of the transfers.  The argument relies upon the interplay between the first two paragraphs in 14 M.R.S. § 3573, which read, in relevant part:

   1. **Debts greater than assets.**  A debtor is insolvent if the sum of the debtor's debts is greater than all of the debtor's assets as a fair valuation.

   2. **Presumption of insolvency.**  A debtor who is generally not paying his debts as they become due is presumed be insolvent.

L207 notes the absence of the word "presumption" in paragraph 1 and contends that the ultimate test is the "balance sheet test" set forth in that paragraph.  In other words, if L207 can establish that the value of the Pettegrows' assets exceeded their liabilities at the time of the transfers, the Pettegrows were not insolvent regardless of their inability to pay debts as they became due.  The Pettegrows acknowledge that the balance sheet test may rebut the initial presumption established in paragraph 2 but argue that the Court cannot make a final determination as to solvency without

2

considering the "totality of the circumstances", including their inability to pay debts as they come due.

Both L207 and the Pettegrows point to the Commissioners' Comment to the Uniform Fraudulent Transfer Act as support for their varying interpretations of 14 M.R.S. § 3573.  That Comment attributes the presumption created in the second paragraph to the "difficulties typically imposed on a creditor in proving insolvency in the bankruptcy case, as provided in [paragraph 2]".  14 M.R.S. § 3573(2), Commissioners' Comment, 2.  L207 argues the presumption is a concession to the creditor who does not have access to the transferor's books and records but that where, as here, the transferor is also the plaintiff, the balance sheet test governs.  The plaintiff has ready access to the information necessary to assess the extent of its own assets and liabilities and, therefore, the presumption carries little weight.

The Pettegrows, however, note that the Comment also states, "[a]s a practical matter, insolvency is most cogently evidenced by a general cessation of payment of debts, as has long been recognized by the laws of other countries and is now reflected in the Bankruptcy Code." 14 M.R.S. § 3573(2), Commissioners' Comment, 2 (*citing* Honsberger, Failure to Pay One's Debts Generally as They Become Due: The Experience of France and Canada, 54 Am.Bankr.L.J. 153 (1980)).  The Pettegrows construe this to mean that the inability to pay one's debts as they become due may be sufficient to establish insolvency even if a transferor is solvent on a balance sheet basis.  In other words, the Pettegrows maintain that insolvency is established *either* on a balance sheet basis *or* by the transferor's inability to pay debts as they become due.  In support, they point to dicta in Achille Bayart & Cie v. Crowe, 238 F.3d 44, 47 (1st Cir. 2001), in which the court, referring to 14 M.R.S. § 3573(1), (2), noted "[a] debtor is deemed insolvent if the sum of the debtor's debts is greater than all of the debtor's assets at a fair valuation or if the debtor is generally not paying its debts as they become due . . .".

The Court finds L207's construction of 14 M.R.S. § 3573 more compelling and consistent with the plain language of the statute.  The first two subsections of 14 M.R.S. § 3573 are not alternative definitions of insolvency.  Subsection (1) defines insolvency.  Subsection (2) describes certain circumstances under which insolvency can be presumed but that alone does not foreclose the possibility that the presumption can be rebutted.  Simply establishing facts that support the presumption of insolvency under 14 M.R.S. § 3573(2), does not end the inquiry here.  For L207 to successfully establish a basis for dismissal under Fed. R. Civ. P. 12(b)(6), it must also show that the Court has ready knowledge that the value of the Pettegrows' assets exceeded their liabilities on the date of transfer.

   B. *At this stage, the Court cannot determine the value of the Pettegrows' assets and the extent of their liabilities.*

To prevail on its motion to dismiss, L207 asks the Court to both: (1) take judicial notice of the contents of the schedules the Pettegrows filed listing their assets and liabilities as of the October 1, 2025 petition date; and (2) to infer that the Pettegrows' assets and liabilities were substantially the same when L207 recorded its liens just over two months earlier, on July 18, 22, and 25 of 2025.

L207 argues that, in very narrow circumstances, the Court may, in determining whether dismissal is appropriate under Fed. R. Civ. P. 12(b)(6), expand its view beyond the four corners of the complaint to consider facts susceptible to judicial notice.  In re Calais Reg'l Hospital, 616 B.R. 449, 451 (Bankr. D. Me. 2020); Keach v. Canadian Pac. Ry. Co. (In re Montreal Maine & Atl. Ry., Ltd.), 574 B.R. 381 (Bankr. D. Me. 2017), amended sub nom, In re Montreal Maine & Atl. Ry., Ltd., 2021 WL 566554 (Bankr. D. Me. Jan. 29, 2021).  The Pettegrows argue the Court may only take judicial notice for the limited purpose of establishing that the schedules were filed and contain certain information; not for the purpose of establishing the truth of those statements.  Fed. R. Evid. 201.  See also, In re Stauffer, 1994 WL 115914, *3 (Bankr. N.D. Ohio March 24, 1994) (collecting cases).

The Court need not tackle this argument today, however, because even if the Court were to take judicial notice of the contents of the schedules, those schedules show the Pettegrows' assets and liabilities as of October 1, 2026; not the date of the transfers.  14 M.R.S. § 3576 ("[a] transfer made or obligation incurred by a debtor is fraudulent . . . if the debtor made the transfer or incurred the obligation without receiving reasonably equivalent value in exchange for the transfer of obligation and the debtor was insolvent *at the time* . . . ").  L207 argues that the two months between the transfer and the petition date are inconsequential.  This, however, is a step too far.  While the Court may, on occasion, be convinced to look beyond the four corners of the complaint to acknowledge a readily ascertainable fact, making further inferences from that fact clearly extends far beyond the scope of the standard under Fed. R. Civ. P. 12(b)(6).  The motion is, therefore, denied.

A pretrial conference shall take place on **April 15, 2026 at 9:00 a.m.**  Should the parties need to amend their Rule 26(f) Report filed on December 20, 2025, they are directed to do so on or before **April 8, 2026**.

Dated: March 26, 2026

/s/ Peter G. Cary
Judge Peter G. Cary
United States Bankruptcy Court